UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

-------------------------------------------------------

MICHAEL GROOMS

        Plaintiff,

v.                                           Civil Action No.

GRISHAM KNIGHT AND HOOPER
AND ARROW FINANCIAL SERVICES,
LLC

        Defendants.

-------------------------------------------------------

## NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants' transact business in this district.

## PARTIES

4.    Plaintiff, Michael Grooms ("Plaintiff"), is a natural person who at all relevant times resided in the State of Tennessee, County of Trousdale, and City of

Hartsville.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Grisham Knight and Hooper ("GK&H") is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. GK&H is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, Arrow Financial Services, LLC, ("AFS") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9. AFS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than GK&H.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than GK&H, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than GK&H.

13. GK&H uses instrumentalities of interstate commerce or the mails in

a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

14. AFS purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

15. AFS acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

16. AFS is thoroughly enmeshed in the debt collection business, and AFS is a significant participant in GK&H's debt collection process.

17. Defendants sent Plaintiff initial written communication dated May 18, 2010 in which Defendant stated, in relevant part, as follows:

a.) "We represent Arrow Financial Services, LLC As Assignee of Mgmry Ward/Sherman Acq LLC."

b.) "If this account is not paid in full, or if satisfactory payment arrangements are not made with us, we will, on behalf of our client, pursue such legal remedies as allowed by law."

This letter was placed on Defendants' law firm letterhead and threatened legal action if payment in full was not received. However, the letter was sent by Defendants' agent and/or employee "Deidra" who is not a licensed attorney, and as such, Defendants falsely represented the meaningful level of attorney involvement in the collections process and falsely represented that an individual was an attorney. (15 U.S.C. §§ 1692e(3), 1692e(10)). See letter attached hereto as

-3-

Case 3:11-cv-00459   Document 1   Filed 05/16/11   Page 3 of 7 PageID #: 3

Exhibit A.

18. Defendants sent Plaintiff written communication dated February 4, 2011 in which Defendants stated, in relevant part, as follows:

a.) "As of the date of this letter the balance owed to our client is set forth above."

b.) "However, our client has informed us of a special opportunity to fully satisfy this debt by payment of a significantly reduced amount."

This letter was placed on Defendants' law firm letterhead and was sent by Defendants' agent and/or employee "Shelia." However, "Shelia" is not a licensed attorney, and in sending said letter and making references to "our client," Defendants falsely represented that an individual was an attorney. (15 U.S.C. §§ 1692e(3), 1692e(10)).

19. In connection with the collection of an alleged debt, Defendants sent Plaintiff initial written communication dated May 18, 2010 in which Defendants stated, in relevant part, as follows:

First Paragraph:

Creditor Balance as of May 17, 2010 - $990.25
Current Balance - $1,167.45 which includes accrued interest and attorney fees, if applicable

Third Paragraph:

If this account is not paid in full, or if satisfactory payment arrangements are not made with us, we will, on behalf of our client, pursue such legal remedies as allowed by law. For your convenience we are able to take your check over the phone.

In stating within the initial thirty (30) day dispute period that it may

"pursue such legal remedies as allowed by law," and further demanding "payment in full," Defendants overshadowed and obscured the notices required pursuant to 15 U.S.C. § 1692g(a) et seq. (15 U.S.C. § 1692e(10), 1692g(b)).

20. Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

### COUNT I—VIOLATIONS OF THE FDCPA
### DEFENDANT GK&H

21. Plaintiff repeats and re-alleges each and every allegation above.

22. Defendant GK&H violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that GK&H violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II—VIOLATIONS OF THE FDCPA
## DEFENDANT AFS

23. Plaintiff repeats and re-alleges each and every allegation above.

24. Defendant AFS violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that AFS violated the FDCPA;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

25.  Plaintiff is entitled to and hereby demands a trial by jury.

Dated: _____, 2011

                          Respectfully submitted,

                          Michael Grooms

                          By: _____
                          Paul K. Guibao
                          Attorney for Plaintiff
                          Weisberg & Meyers, LLC
                          1448 Madison Avenue
                          Memphis, TN 38104
                          Telephone: (602) 445 9819
                          Facsimile: (866) 565 1327
                          Email: PGuibao@AttorneysForConsumers.com

                        ***Please send correspondence to the address below***

                          Paul K. Guibao
                          Weisberg & Meyers, LLC
                          Attorneys for Plaintiff
                          5025 N. Central Ave. #602
                          Phoenix, AZ 85012

-7-

Case 3:11-cv-00459   Document 1   Filed 05/16/11   Page 7 of 7 PageID #: 7